IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| DONALD SPARKS, § | | |
| Institutional ID No. 1780285, § | | |
| § | | |
| § | | |
| Plaintiff, § | Civil Action No. 1:18-CV-00112-BU | |
| § | | |
| v. § | | |
| § | | |
| ANGELA KAY, § | | |
| § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this civil action was referred to the undersigned United States Magistrate Judge. The findings, conclusions, and recommendation of the undersigned are as follows:

### I.   BACKGROUND

Plaintiff Donald Sparks ("Sparks"), an inmate currently incarcerated by the Texas Department of Criminal Justice ("TDCJ") and proceeding *pro se*, filed this 42 U.S.C. § 1983 action on August 8, 2018. Dkt. No. 1. The Court granted Sparks leave to proceed *in forma pauperis*, which subjects his complaint to the Court's preliminary judicial screening measures pursuant to 28 U.S.C. § 1915(e)(2). On May 1, 2019, the Court ordered Sparks to complete a questionnaire in order to more fully develop the claims alleged. Dkt. No. 9. Sparks filed a response to the Court's questionnaire on June 3, 2019. *See* Dkt. No. 12.

In his original complaint and first amended complaint, Sparks complains that TDCJ officials lost, stole, destroyed, or otherwise mishandled his personal property when Sparks was

1

transferred between the Robertson Unit and Middleton Unit in May 2017.  As a result, Sparks claims he was deprived of personal items as well his legal mail and legal documents, which he claims violated his civil rights and caused "loss and suffering."  Dkt. No. 6 at 4.

Sparks initially named the Robertson Unit as a Defendant, but through his responses to the Court's judicial screening questionnaire, he later identified Angela Kay as the sole Defendant to this civil rights action.  Dkt. No. 12 at 2.  Sparks requests relief in the form of compensation, but he does not state with specificity the amount of compensation he seeks.  *Id.*

## II.     PRELIMINARY SCREENING

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2) (2016); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*).  A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in fact if it rests upon clearly baseless factual contentions, and similarly lacks an arguable basis in law if it contains indisputably meritless legal theories.  *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records.  *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (noting responses given to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*,

2

41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified and authenticated" (internal quotations omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

### III.     RELIEF UNDER § 1983

**1. Sparks fails to state a claim on which relief may be granted with respect to the loss of his personal property.**

In his original complaint and amended complaint, Sparks complains that TDCJ officials lost or stole the following items: "1 radio, fan, rhino boots, 2 white t-shirts, over 50 dollars worth of food," as well as "personal pictures of family and letters." Dkt. No. 1 at 2. Even when taking these allegations as true, Sparks fails to state a cognizable claim under § 1983.

The United States Supreme Court has held that the "deprivation of property by a state employee," whether intentional or negligent, is not a constitutional violation "if the state provides a meaningful postdeprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 531, 533 (1984); *see also Parratt v. Taylor*, 451 U.S. 527, 541–44 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Under Texas law, a plaintiff may sue for the state-law tort of conversion as a remedy for his property loss. *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994) (tort of conversion); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (damage action).

The Fifth Circuit has held that the availability of this tort is an adequate post-deprivation remedy for prisoners who attempt to make constitutional claims based on the loss of their property. *Murphy*, 26 F.3d at 543–44.

Because Texas provides an adequate post-deprivation remedy for the loss of property, such a loss fails to state a constitutional violation. *Id*. *See also Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) (per curiam) ("An inmate's allegation that his personal property was lost, confiscated, or damaged does not state a claim under 42 U.S.C. § 1983, even when prison officials acted intentionally."). Accordingly, Sparks fails to state a claim on which relief may be granted under § 1983.

**2. Sparks fails to state a claim on which relief may be granted with respect to his claim that his legal documents were lost or stolen.**

In addition to his claims regarding his personal items and effects, Sparks further alleges that much of his legal mail and legal papers were lost during his transfer between the TDCJ prison facilities. Sparks asserts that he had claims pending on appeal and that he failed to meet a filing deadline without his legal documents. The Court liberally construes this claim regarding the loss of Sparks's legal documents to be a claim of denial of access to the courts.

Prisoners have a constitutionally recognized right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, the right of access to the courts is not a "freestanding right." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The Supreme Court has stated that the right encompasses no more than the ability of a prisoner to prepare and transmit a necessary legal document to the court. *Clewis v. Hirsch*, 700 F.App'x. 347, 348 (5th Cir. 2017) (citing *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) (internal quotations and footnote omitted)). The Fifth Circuit has explained that this right "encompasses only a reasonably adequate opportunity to file

4

nonfrivolous legal claims challenging their convictions or conditions of confinement." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

In order to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis*, 518 U.S. at 356. However, the "injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 353. A plaintiff must demonstrate that the lack of access prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action. *Id.* at 353–54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)). In making this showing, a plaintiff must allege that he suffered an actual injury resulting from the alleged denial of access. *Id.* at 349. The required showing of actual injury requires a plaintiff to allege, at a minimum, that his ability to pursue a "nonfrivolous, arguable" claim was hindered. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353).

In his response to the Court's judicial screening questionnaire, Sparks claims that his brief, judgment, indictment, opinion, "2254 and 1107 paper," and other legal documents were either lost or stolen during his transfer between TDCJ units in May of 2017. Dkt. No. 12 at 1. Sparks, when describing the harm he suffered as a result of losing his legal mail or legal work, states that he failed to meet a filing deadline with a court of appeals, lacked the funds to replace the missing legal documents, and faced uncertainty about his chance on appeal because he "would [have] had [the] papers to file on time." *Id.* Sparks's claim, even when liberally construed, fails to state a claim on which relief may be granted under § 1983.

At the outset, Sparks provides no information regarding his underlying claims on appeal or whether the appeal is in state or federal court. While Sparks does allege that he missed an appellate deadline, he does not allege or otherwise describe whether he suffered an actual injury, *i.e.*, whether his claims on appeal were dismissed for his failure to meet a filing deadline. The failure of a plaintiff to allege that he suffered an actual injury is fatal to his denial of access to courts claim. *Lewis,* 518 U.S. at 351; *see also Driggers v. Cruz*, 740 F.3d 333, 337 (5th Cir. 2014). In showing that a claim on appeal was a nonfrivolous, arguable claim, a plaintiff must describe the claim "well enough to establish that its 'arguable nature . . . is more than hope.'" *Barela v. Underwood*, 2019 WL 4648262, at *6 (N.D. Tex. July 30, 2019) (quoting *Christopher*, 536 U.S. at 416) (internal quotation marks omitted). Apart from referencing paperwork related to a petition for writ of habeas corpus under 28 U.S.C. § 2254, Sparks makes no mention of his claims on appeal or whether his claims were nonfrivolous in nature.

Because Sparks does not identify or set forth the underlying cause of action that was lost on appeal, as a matter of law, Sparks's claim must be dismissed.

## IV.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the District Court DISMISS Sparks's claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Additionally, this dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g), and shall constitute a "strike" for purposes of the Prisoner Litigation Reform Act's (PLRA's) three-strikes bar to proceeding *in forma pauperis*. *See In re Jacobs*, 213 F.3d 289 (5th Cir. 2000).

It is, therefore, ORDERED that this case be TRANSFERRED back to the docket of the Honorable Sam R. Cummings, Senior United States District Judge.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IT IS SO ORDERED this 25th day of June, 2020.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE